[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

No. 09-14937

D. C. Docket No. 08-00094-CR-FTM-99-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMIR NEL CABRERA,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(March 24, 2011)

Before DUBINA, Chief Judge, HILL and EBEL,* Circuit Judges.

---

*Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

PER CURIAM:

Appellant-Defendant Samir Nel Cabrera appeals his convictions for six counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349, and 2, and five counts of money laundering, in violation of 18 U.S.C. §§ 1957 and 2. Cabrera argues that the Supreme Court's recent decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010) invalidated the basis for all eleven of his convictions and requests that we vacate them accordingly.

Appellee United States agrees with Cabrera's interpretation of *Skilling*, conceding that the jury instructions given by the district court were erroneous and that the evidence presented did not involve criminal conduct under 18 U.S.C. § 1346 as interpreted by *Skilling*. Accordingly, the government concedes in its brief that all counts of conviction should be vacated.[1]

The parties dispute whether Cabrera can be retried on the wire fraud and money laundering charges under the theory that he defrauded investors in light of the Fifth Amendment's prohibition of Double Jeopardy. The district court did not—indeed, could not—reach this issue, as it arose after Cabrera's convictions. For that reason, "[w]e decline to address [the issue] here, preferring that the

---

[1]Because Cabrera necessarily will have to be resentenced if convicted on retrial, we decline to consider his sentencing arguments.

district court address it in the first instance." *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 800 (11th Cir. 1992). On remand, we direct the district court to consider whether granting the government's request for a new trial on the wire fraud and money laundering charges would violate Cabrera's Fifth Amendment rights.

**VACATED and REMANDED.**